UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 3:04-cr-179 (VLB) |
| v. : | |
| : | February 23, 2018 |
| COREY BROWN, : | |
|    Defendant. : | |

**MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

Defendant Corey Brown ("Brown") moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and based on several amendments to the United States Sentencing Guidelines (the "Guidelines"), including Amendments 750, 759, and 780. For the reasons that follow, the Defendant's motion is DENIED.

I. Factual Background

On July 25, 2006, Defendant Brown was sentenced to a term of 180 months imprisonment, following a plea of guilty to the charge of possession with intent to distribute cocaine base/crack. [Dkt. 66 (Judgment); Dkt. 71 (Transcript of Sentencing)]. The plea agreement stipulated that (1) Brown's conduct involved in excess of 150 grams of crack cocaine; (2) Brown was a career offender pursuant to U.S.S.G. § 4B1.1; (3) Brown's applicable guideline sentencing range was between 262 and 327 months; imprisonment based on a base offense level of 37, a total offense level of 34 (after a three-level reduction for acceptance of responsibility) and a criminal history category VI based on his career offender classification. [Dkt. 82 (Ruling on Mot. to Alter or Amend J.) at 2.]

At sentencing, the Court agreed with that calculation, and found that Brown's total offense level was 34 and his criminal history category was VI. [Dkt.

1

71.]  While his total offense level was originally found to be 37, Brown was awarded a three-level reduction for acceptance of responsibility.  *Id.*  As a result, the Guideline range for Brown's sentence was 262-327 months.  *Id.*  The Court made clear at sentencing that Brown was sentenced under the career offender guidelines, stating "[o]n the question of career offender, I believe that Mr. Brown qualifies for that category. . . . Mr. Brown's, he's been involved in one way or another with drugs for too long.  And he has now come to the point where he has to acknowledge that, and understand that his history and the facts of this particular situation require a serious sentence, and that sentence, the guidelines are 262 to 327 months."  [Dkt. 71 at 23-25.]

After determining the applicable sentence under the career offender guideline, the Court granted the Government's motion under Section 5K for a departure in light of Defendant's substantial assistance, sentencing him to a term of 180 months.  [*Id.* at 25; Dkt. 72 (Amended Judgment) at 1 (amending the judgment by including statement: "The Court departs downward pursuant to government's motion")].

After unsuccessfully appealing his sentence, Brown filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), requesting that the Court resentence him under Guidelines Amendment 706, which applies to crack cocaine offenses.  [Dkt. 74].  On March 27, 2008, the sentencing Court denied the motion, explaining that "Defendant was sentenced as a career offender and his guideline range is not affected by the November 1, 2007 amendments."  [Dkt. 77 at 1].  On April 10, 2012, Brown filed another motion, pursuant to Fed. R. Civ. P.

2

59(e), challenging his career offender classification. [Dkt. 79]. The motion was denied on procedural grounds, and the denial was affirmed on appeal. [Dkts. 82, 85].

While the sentencing Court denied Brown's second motion on procedural grounds, the sentencing Court also took the opportunity to clearly explain to Brown the basis for his sentence: "At sentencing on July 25, 2006, this Court found that Brown was a career offender under U.S.S.G. § 4B1.1 and that his applicable guideline sentencing range was 262 to 327 months. However, based on the government's motion for a downward departure, the Court sentenced Brown to 180 months' imprisonment, a non-guidelines sentence that was 82 months below the bottom of his applicable guideline range." [Dkt. 82 at 2.] The Court also reminded Brown that his prior motion for resentencing under 18 U.S.C. § 3582(c) was denied "based on the fact that Brown was sentenced as a career offender and thus his guideline sentencing range was not affected by Amendment 706. . . . The Court denied Brown's motion for a sentence reduction under the November 1, 2007 amendment to the sentencing guidelines' base offense levels for crack cocaine offenses ("Amendment 706") because Brown was originally sentenced under the career offender guidelines, which were not affected by Amendment 706, and thus the reduced crack-cocaine guidelines did not apply in this case." *Id.* at 2, 5.

Particularly relevant here, the sentencing Court also said resentencing would not be appropriate under the "Fair Sentencing Act of 2010 and Amendment 750 to the Sentencing Guidelines, which again retroactively altered guideline §

3

2D1.1 to reduce the offense levels that apply to crack cocaine offenses. As before, Brown is not eligible for a reduced sentence under this amendment to the crack cocaine guideline because his original sentence was not based on the crack-cocaine guidelines, but was based on the career offender guidelines which were not affected by Amendment 750." *Id.* at 6.

 II. Standard of Law

A court may modify a sentence already imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "A sentence is "based on" a sentencing range that has been lowered within the meaning of Section 3582(c)(2) when the range is calculated by *starting* with a base offense level" which was later decreased. *United States v. Lopez*, 2012 WL 4580880, at *2 (D. Conn. Oct. 1, 2012) (emphasis in original). "A reduction in [a] defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Any reduction in sentence under Section 3582(c)(2) must also be consistent with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 130 S. Ct. 2683, 2692-93 (2010).

 III. Analysis

Brown asserts his sentence should be reduced under Guidelines Amendments 750, 759, and 780. He also asserts he was sentenced under U.S.S.G. Section 5K, pertaining to substantial assistance, rather than the career

offender statute, and should be resentenced on that basis.  Finally, Brown asserts that when considering what reduced sentence is appropriate, the Court should consider his productivity while incarcerated, including earning his GED, completing multiple other classes, and voluntarily completing behavioral modification programs.  The Court addresses Brown's arguments for a sentence reduction in turn below.  Because the Court finds no sentence reduction warranted, the Court does not determine what reduction would be appropriate in light of Brown's behavior while incarcerated.  However, the Court commends Brown for his endeavors.

    a. **Amendments 750, 759, And 780 Do Not Allow A Sentence Reduction**

Brown first argues that he may be resentenced under Amendment 750, which amended the crack cocaine guideline, since Brown's crime of conviction was possession with intent to distribute cocaine base/crack.  However, Brown was sentenced under the career offender guideline.  [Dkt. 71 at 23-25; Dkt. 77 at 1; Dkt. 82 at 2, 5, 6.]  Courts have consistently found that where a defendant was sentenced according to career offender status, his sentence was not "based on" the guidelines pertaining to cocaine base and is not subject to reduction under Section 3582(c)(2).  *See* U.S.S.G. §§ 2D1.1 (pertaining to controlled substances), 4B1.1 (pertaining to career offenders); *see also United States v. Leonardo*, 529 F. App'x 75, 78 (2d Cir. Jul. 16, 2013) ("Although Amendment 750 reduced the base offense levels for crack cocaine offenses, it made no such reduction to the career offender enhancements set forth in § 4B1.1" and finding defendant "ineligible for § 3582(c)(2) relief"); *United States v. Mock*, 612 F.3d 133, 136, 138 (2d Cir. 2010)

(affirming denial of defendant's motion to reduce sentence based on Amendment 706 because he 'was sentenced under the career offender Guideline . . . which was not affected by the crack cocaine amendments that he relied upon as the basis for his motion"); *United States v. Martinez*, 572 F.3d 82, 85 (2d Cir. 2009) (finding a defendant convicted of a crack cocaine offense but sentenced as a career offender is not eligible for resentencing under an amendment to the crack cocaine guidelines); *United States v. Watts*, 3:04-cr-209, 2013 WL 1707943, at *2 (D. Conn. April 19, 2013) ("A defendant who is convicted of a crack cocaine offense but is sentenced under the career offender guideline is generally not eligible for a sentencing reduction pursuant to a subsequent amendment to the crack cocaine guidelines"). As the sentencing Court previously explained to Brown (Dkt. 82 at 6), Brown was sentenced as a career offender, and as such he may not achieve resentencing under Amendment 750.

Nor do Amendments 759 and 780 allow a sentence reduction. Brown is correct that both amendments pertain to defendants, like Brown, who were subject to a downward departure from the applicable guideline range at sentencing.[1] However, those amendments do not call for all such defendants to

---

[1] Amendment 759 amended the advisory notes to Section 1B1.10, which provide that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [an amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Leonardo*, 529 F. App'x 75, 77 (2d Cir. 2013). Amendment 759 defined the "applicable guideline range" in Section 1B1.10 as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. Amendment 759; *Leonardo*, 529 F. App'x at 77. Amendment 780 also amended Section 1B1.10 to

be resentenced. Amendments 759 and 780 both concern U.S.S.G. § 1B1.10. Section 1B1.10 states: "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." Section 1B1.10 and the amendments thereto, including Amendments 759 and 780, do not apply where "none of the amendments listed in subsection (d) is applicable to the defendant; or an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." *Id.* at § 1B1.10(2). While Amendment 750 is listed in subsection (d), Amendment 750 is not applicable to Defendant for the reasons stated above. Accordingly, Amendments 759 and 780 are inapplicable to Defendant as well.

---

add language stating: "If the case involves a statutorily required mandatory minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guidelines range shall be determined without regard to the operation of §5G1.1 (Sentencing on a Single Count of Conviction) and §5G1.2 (Sentencing on Multiple Counts of Conviction)." Neither amendment alters the requirement that any sentence to be reduced must be based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); *Leonardo*, 529 F. App'x at 77 (finding Amendment 759 did not call for reduction of a defendant's sentence where the defendant was sentenced under the Guidelines applicable to career offenders, explaining the "fact that the District Court originally departed downward from both the Guidelines and the minimum sentence in the plea agreement has no effect on [the defendant's] ineligibility for a sentence reduction").

### b. The Court's Section 5K Departure Does Not Allow A Sentence Reduction

Brown also asserts that since he was subject to a Section 5K departure for substantial assistance, his sentence was "based on" Section 5K rather than the guidelines relating to career offenders. However, U.S.S.G. Section 1B1.10 "makes eligibility for sentencing reductions dependent entirely on a defendant's *pre-departure* offense level and criminal history category." *U.S. v. Francis*, No. 3:04-cr-336 (MRK), 2011 WL 5289020, at *1 (D. Conn. Nov. 2, 2011) (emphasis in original) (citing U.S.S.G. § 1B1.10, Application Note 1(A)).

Brown cites *United States v. Rivera*, 662 F.3d 166 (2d Cir. 2011) to state otherwise; however, *Rivera* has since been abrogated. *Rivera* held that the guideline range applicable to the defendant within the meaning of Section 1B1.10 was the range actually used in sentencing the defendant. 662 F.3d at 173-74. Accordingly, *Rivera* reasoned that if a sentencing court explicitly stated it was departing from the career offender guideline range to sentence the defendant according to the crack cocaine guidelines, that defendant was sentenced "based on" the crack cocaine guideline and could seek resentencing under the crack cocaine guideline amendment. *Id*. However, after *Rivera*, the Sentencing Commission amended the Guidelines to specify that the "applicable guidelines range" refers to the "guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.10(a), *which is determined before consideration of any departure provision in the Guidelines Manual or any variance.*" *United States v. Steele*, 714 F.3d 751, 756 (2d Cir. 2013) (emphasis in original); *see also United States v. Milhouse*, 655 F. App'x 20, 22 n.1

(2d Cir. 2016) (recognizing that *Rivera* was abrogated by Guidelines Amendment 759). Accordingly, Brown was sentenced "based on" the career offender guideline and is ineligible for a sentence reduction.[2]

Brown's pre-departure offense level was 37 and his criminal history category was VI, based on Brown's classification as a career offender. The sentencing Court sentenced Defendant to 180 months, well below his guideline range, in light of the government's Section 5K motion for a downward departure due to substantial assistance. Brown's sentence was not "based on" a guideline range that was subsequently amended and he is accordingly ineligible for a reduced sentence pursuant to Section 3582(c)(2). *Watts*, 2013 WL 1707943 at *3.

IV. Conclusion

For the reasons set forth above, Brown's Motion for Reduction of Sentence is DENIED.

IT IS SO ORDERED.

	Hon. Vanessa L. Bryant
	United States District Judge

---

[2] Even if *Rivera* had not been abrogated, Brown does not argue U.S.S.G. Section 5K, which the sentencing court cited when departing downward from the career offender guideline, has been amended with retroactive application. Rather, all cases which Brown cites involve courts which explicitly considered the crack cocaine guideline when sentencing. All of those cases employed the since-abrogated *Rivera* framework to find that sentence was "based on" the crack cocaine guideline and grant a sentence reduction in light of the crack cocaine guideline amendment.